IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| THOMAS LAURO, #A0153221, | CIV. NO. 20-00260 DKW-WRP |
| Plaintiff, | ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING ACTION |
| vs. | |
| MARK MIYAHIRA, *et al.*, | |
| Defendant. | |

Before the court is pro se Plaintiff Thomas Lauro's prisoner civil rights Complaint. ECF No. 1. Plaintiff was incarcerated at the Halawa Correctional Facility ("HCF") when he commenced this action. Plaintiff again alleges that Defendants the Honolulu City and County Office of the Prosecuting Attorney, Deputy Prosecutors Mark Miyahira and Katherine Kealoha, and criminal defense attorney, Myles S. Breiner, Esq., conspired to conceal a sentencing memorandum from him in order to obtain a longer imprisonment term than what Plaintiff agreed to in *State v. Russo*, Cr. No. 12-1-1460 (Haw. 1st Cir. 2013).[1] Plaintiff alleges Defendants' actions violated the Fifth, Eighth, and Fourteenth Amendments.

---

[1] State records in Cr. No. 12-1-1460 show that Plaintiff is also known as Thomas Russo. https://jimspss1.courts.state.hi.us/JIMSExternal. (1PC121001460) (last visited June 17, 2020). Plaintiff pled guilty in Cr. No. 12-1-1460 and was sentenced to an indeterminate five-year term.

Plaintiff has unsuccessfully raised these same claims against the same Defendants in at least two previous suits. *See, e.g., Lauro v. Breiner*, No. 1:15-cv-00272 DKW  (D. Haw. 2015) (holding Plaintiff's claims against Breiner are not cognizable under 42 U.S.C. § 1983 because Breiner was not acting under color of state law when he defended Plaintiff, and that such claims were barred from review under the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994)); *Lauro v. Honolulu City and County Prosecutor's Office, State of Hawaii et al.*, No. 1:19-cv-00632-LEK (D. Haw. 2020) (holding Plaintiff's claims against the Honolulu City and County Prosecutors Office, and Deputy Prosecutors Kealoha and Miyahira, *inter alia*, were barred on the face of the complaint under *Heck*, 512 U.S. at 489-90, were time-barred, and otherwise failed to state a claim for relief).

Plaintiff has submitted an Application to Proceed in Forma Pauperis by a Prisoner, ECF No. 2.

## I.  28 U.S.C. § 1915(g)

A prisoner may not bring a civil action or appeal a civil judgment if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) ("*Andrews I*"). "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120.

The District of Hawaii's records show that Plaintiff has accrued more than three "strikes" under § 1915(g).[2] Plaintiff has been notified of these strikes, and he may not proceed in forma pauperis unless he plausibly alleges that he was in imminent danger of serious physical injury due to the conditions complained of when he filed this suit.

---

[2]*See, e.g.*, *Lauro v. State*, No. 1:19-cv-00585 DKW (D. Haw. 2020) (dismissing for failure to state a claim) (on appeal, App. No. 20-15481) ; *Lauro v. City and County of Honolulu*, No. 1:19-cv-00632-LEK (D. Haw. 2020) (dismissing for failure to state a claim) (on appeal, App. No. 20-15478); *Lauro v. State*, No. 1:19-cv-00633-JAO (D. Haw. 2020) (dismissed for failure to state a claim) (on appeal, App. No. 20-15480); *Lauro v. State*, App. No. 20-15495 (9th Cir. 2020) (dismissing appeal as frivolous).

## II.  **THE IMMINENT DANGER EXCEPTION**

The imminent danger "exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) ("*Andrews II*").  This "exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time." *Id.* at 1053.

Plaintiff complains about actions that Defendants allegedly took before and during his sentencing hearing in 2013.  Nothing within his pleadings indicate that Plaintiff was in imminent danger of serious physical injury when he filed this action in 2020, particularly based on Defendants' alleged conspiracy to doctor his 2013 sentencing memorandum without his consent.  Nor does Plaintiff allege facts that show that Defendants' alleged actions constitute a continuing practice that poses an "ongoing danger" to him, beyond his continued incarceration, which has not been invalidated, reversed, expunged or otherwise overturned.  *See Andrews II*, 493 F.3d at 1056; *see also Russo*, Cr. No. 12-1-1460.

Plaintiff is NOTIFIED that, although three of the cases in which he incurred strikes from three different judges are on appeal,[3] these cases are still considered

---

[3]*See Lauro*, No. 1:19-cv-00585 DKW (App. No. 20-15481) ; *Lauro*, No. 1:19-cv-00632-LEK (D. Haw. 2020) (App. No. 20-15478); *Lauro*, No. 1:19-cv-00633-JAO (D. Haw. 2020) (App.  No. 20-15480).

strikes unless they are reversed on appeal. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1765 (2015) (holding "a prisoner who has accumulated three prior qualifying dismissals under § 1915(g) may not file an additional suit in forma pauperis while his appeal of one such dismissal is pending").

Accordingly, Plaintiff's Application to Proceed In Forma Pauperis by a Prisoner is DENIED.

### III.  PLAINTIFF FAILS TO STATE A CLAIM

The court must screen all civil actions brought by prisoners proceeding pro se and in any action relating to prison conditions or seeking redress from a government entity, officer, or employee. 28 U.S.C. §§ 1915(e)(2) & 1915A(a). Complaints or claims that are frivolous, malicious, fail to state a claim, or seek relief from a defendant who is immune from such relief must be dismissed.  28 U.S.C. §§ 1915(e)(2) & 1915A(b); 42 U.S.C. § 1997e (c)(1).

Leave to amend should be granted if it appears the plaintiff can correct the defects in the complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). When "it is clear that the complaint could not be saved by any amendment," dismissal without leave to amend is appropriate. *Sylvia Landfield Trust v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

Plaintiff cannot state a colorable claim for relief against Defendants based on their alleged wrongdoing during his sentencing proceedings in 2013.  First, as he has been repeatedly told, because his sentence in Cr. No. 12-1-001460 has not been reversed, expunged, or declared invalid, his claims for damages or injunctive relief regarding that sentence are unavailable under § 1983.[4]  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Ramirez v. Galaza*, 334 F.3d 850, 855-56 (9th Cir. 2003) ("Absent such a showing, '[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983'") (quoting *Heck*, 512 U.S. at 489).

Second, as Plaintiff was informed in *Lauro*, 1:19-cv-00632 LEK, because Plaintiff was not incarcerated between August 2015 and June 2019, and did nothing to challenge his sentence or Defendants' actions during those years, the two-year statute of limitation for personal injury suits applicable to Plaintiff's 2013 claims has expired without the availability of statutory or equitable tolling.  *See id.* at #46-#47  (discussing Hawaii Revised Statute § 657-7, and holding that tolling is unavailable).

---

[4] *See, e.g.*, *Lauro*, 1:15-cv-00272 DKW, ECF No. 5 at #40.

Third, as also previously explained to Plaintiff, Breiner was not acting under color of state law when he defended Plaintiff in Cr. No. 12-1-1460.[5]  Nor is the Honolulu City and County Office of the Prosecutor a "person" within the meaning of 42 U.S.C. § 1983.  And, as he was further informed, Deputy Prosecutors Miyahira and Kealoha have absolute prosecutorial immunity for decisions they made relating to Plaintiff's sentencing.  *See Lauro*, No. 1:19-cv-00632, ECF No. 8 at #44.

Plaintiff fails to state a claim regarding the allegedly doctored sentencing memorandum submitted to the state court in Cr. No. 12-1-1460 in 2013.  These claims cannot be cured by amendment, and the Complaint is DISMISSED with prejudice.

## IV.  **CONCLUSION**

(1)  Plaintiff's Application to Proceed In Forma Pauperis by a Prisoner is DENIED.

---

[5]To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a *person acting under the color of state law*.  *See West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added); *Lauro*, No. 1:15-cv-00272 DKW, ECF No. 5 at #40; *Lauro*, No. 1:19-cv-00632 LEK, ECF No. 8 at #43-44.

(2) Plaintiff's Complaint is DISMISSED pursuant to 28 U.S.C. §§1915(e)(2) & 1915A(b); 42 U.S.C. § 1997e (c)(1).  Because amendment is futile, this dismissal is with prejudice.

(3) The Clerk of Court is DIRECTED to enter judgment and close the file.

(4) Plaintiff is NOTIFIED that this dismissal may count as another strike pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED: June 23, 2020 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*Thomas Lauro v. Mark Miyahira, et al*; Civil No. 20-00260 DKW-WRP; **ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING ACTION**

*Lauro v. Miyahara*, No. 1:20-cv-00260 DKW-WRP; 3 Stks 20